UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNITED STATES OF AMERICA

    -against-

LARRY WILLIAMS,

                      Defendant.
-----------------------------------------------------------X

**MEMORANDUM & ORDER**

01 CR 538 10 (RJD)

DEARIE, Chief Judge.

Defendant Larry Williams moves for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). Effective November 1, 2007, and made retroactive as of March 3, 2008, the United States Sentencing Commission reduced by two levels each the base offense levels associated with crack cocaine offenses. See USSG App. to Supp. C, amend. 706 (effective Nov. 1, 2007); see also id. amend. 713 (effective Mar. 3, 2008); id. § 1B1.10, p.s. Pursuant to these amendments, and having reviewed the parties' submissions, the Court exercises its discretion to reduce defendant's sentence to 145 months.

In July 2002, a jury convicted defendant of conspiring to possess and distribute over 50 grams of crack cocaine in violation of 21 U.S.C. §§ 841 and 846. Adopting a "conservative" calculation of drug quantity, this Court assigned defendant a base offense level of 36 which, combined with defendant's Criminal History Category III, resulted in a Guideline range of 235 to 293 months imprisonment. (5/24/05 Sentencing Tr., Dkt. #317, at 6.) In May 2005, after considering the statutory factors listed in 18 U.S.C. § 3553(a), the Court imposed a sentence of 192 months, which was 43 months below the applicable minimum. In February 2006, the Second Circuit affirmed defendant's conviction. United States v. Pearson, 165 F. App'x 129 (2d Cir. 2006).

The parties agree that the recent crack cocaine amendments reduce defendant's base offense level to 34, resulting in an amended Guideline range of 188 to 235 months in prison. Thus, the Court may "'consider any applicable § 3553(a) factors and determine whether'" to reduce defendant's sentence. United States v. Mock, 612 F.3d 133, 137 (2d Cir. 2010) (quoting Dillon v. United States, 130 S. Ct. 2683, 2692 (2010)). Any reduction, however, must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); see Dillon, 130 S. Ct. at 2691 (holding that, in sentence modification proceedings based upon the crack cocaine amendments, § 1B1.10 conclusively "determines [a] prisoner's eligibility for a sentence modification and the extent of the reduction authorized").

As defendant's original sentence "was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing," the relevant policy statement authorizes this Court to impose a sentence "comparably less than the amended guideline range." USSG § 1B1.10(b)(2)(B), p.s. The government advocates a percentage-based reduction, but "[t]here is no a priori reason why the 'comparability' of a departure should be judged by a percentage rather than by an absolute number of months or a number of levels or categories." United States v. Flores, 2008 WL 2941292, at *3 (S.D.N.Y. 2008) ("The very notion of a "comparable" reduction implies a degree of flexibility – a range of reductions, and not merely a single value, could fairly be considered 'comparably' less than the guideline sentence."). When sentencing defendant initially, the Court imposed a sentence 43 months below the Guideline minimum due, among other reasons, to defendant's age, intelligence level and steps toward self-improvement. For similar reasons, the Court holds that an identical downward variance of 43 months is "comparably less" than the amended Guideline minimum.

2

The government argues that defendant's pre-conviction history of violence and his infractions while incarcerated counsel against any reduction. The Court is not persuaded. Although the Court retains discretion not to reduce defendant's sentence notwithstanding the crack cocaine amendments, defendant has obtained a G.E.D. and shown further positive signs, including having received "satisfactory performance evaluations" as a "unit orderly." (Fourth Addendum to the Presentence Report at 2.) Although the Court does not excuse defendant's disciplinary infractions, none of which has involved actual violence, the balance of defendant's time in custody appears to have been well spent and evidences a genuine effort to reform.

Defendant further requests that the Court now consider the discretionary nature of the 100-to-1 sentencing ratio between crack and powder cocaine offenses that previously existed within the Guidelines. Unfortunately for defendant, sentence modification proceedings under 18 U.S.C. § 3582(c)(2) "do not constitute a full resentencing." USSG § 1B1.10(a)(3), p.s. Rather, the Court must substitute the amended crack cocaine offense levels for the "guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." Id. § 1B1.10(b)(1). As the Second Circuit has noted, however, the crack/powder sentencing disparity presents "the same essential question" as does a Section 3582(c)(2) motion, and here "the ultimate result [would] be the same." United States v. Regalado, 518 F.3d 143, 151 (2d Cir. 2008).

In light of the above, the Court orders defendant's sentence reduced to 145 months, with five years supervised release. The Clerk of the Court is directed to prepare and file an Amended Judgment and to transmit a copy to the United States Sentencing Commission.

SO ORDERED.

Dated: Brooklyn, New York
       January 4, 2011

s/ Judge Raymond J. Dearie
RAYMOND J. DEARIE
United States District Judge